IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON PETTIT                                                                                               PLAINTIFF

v.                                       Civil No. 4:25-CV-04047-SOH-BAB

SHERIFF BOBBY WALRAVEN;
JAIL ADMINISTRATOR GINA BUTLER;
CAPTAIN CHERSE CHAPA; and
CORRECTIONAL OFFICER JORDON LNU                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Plaintiff is currently incarcerated in Little River County Detention Center

The case was directly assigned to the undersigned Magistrate Judge.  However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of certain of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey.  28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915A.  Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.     BACKGROUND

In his Complaint, Plaintiff names Sheriff Bobby Walraven, Jail Administrator Gina Butler, Captain Cherese Chapa, and Correction Officer Jordon LNU as Defendants.  Plaintiff alleges all of his claims against all of these Defendants in both their individual and official capacities.  (ECF No. 1).

In Plaintiff's Claim One he asserts Defendants Walraven, Butler, and Chapa interfered with his legal correspondence and access to the courts on May 19, 2025 claiming he needed to place stamps on the mail.  (ECF No. 1, p. 4).  Plaintiff claims this interference negatively effects his mental health.  *Id.*  For his official capacity claim he states:

> The jail is required to give me access to the Courts and they stop time sensitive legal correspondence.   If Im not indigent they can charge my books they take out medical they can take out legal mail fees.

*Id.* at 5 (errors in original).

In Claim Two Plaintiff claims, Defendants Walraven and Butler denied him medical care on May 22, 2025.  Specifically, Plaintiff claims he requested an eye exam, complained of migraines, disclosed his suicidal thoughts, and requested a trip to Riverview Behavioral Healthcare, but Defendants Walraven and Butler denied him all of these requests and treatments. *Id.* at 6.   For his official capacity claim Plaintiff states:

> The jail is responsible for care of my body and mental state I believe they are denying my right to medical attention.

*Id.* at 7.

In Claim Three, Plaintiff claims all Defendants, on May 10, 2025, violated his constitutional rights by failing to behave in a professional and respectful manner and maintain clean standards.  *Id.* at 7-8.  Specifically, Plaintiff states:

2

> I asked CO Jordon to spray the tables to disinfect them after breakfast on the 10th of May and he told me "fuck you write me up bitch" Jordon (AJ) will not identify used profanity with me when I asked him to spray the tables. The captain says they have no policy about respecting the inmates. The Administrator has not corrected them after multiple grievances on the subject and the chief executive of the jail I have heard from his mouth if it keeps getting complained about then bond out. I am being mentally tortured here in this jail and it is effecting my mental state.

*Id.* For his official capacity claim Plaintiff states: "It is the policy of the jail and the federal detention facility standards to be professional at all times but they aren't here." *Id.* at 8-9.

For relief Plaintiff request both compensatory and punitive damages. *Id.* at 9.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

### III. DISCUSSION

The Court finds Plaintiff has adequately alleged a denial of medical care claim under his

Claim Two at this stage. Accordingly, Claim Two asserted against Defendants Walraven and Butler should proceed. However, Plaintiff has failed to adequately state claims upon which relief may be granted in his Claims One and Three. For the reasons explained below, both Claims One and Three should be dismissed and Defendants Chapa and Jordon should be dismissed from this matter.

### A. Claim One – Access to Courts

First, Plaintiff has failed to state a cognizable access-to-courts claim against any Defendant. In order to state an access-to-courts claim, Plaintiff must demonstrate he suffered prejudice or actual injury because of the prison officials' conduct. *See Lewis v. Casey,* 518 U.S. 343, 351-2 (1996); *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (internal quotation and citations omitted). Plaintiff has not alleged any injury or prejudice from Defendants refusing to send out his mail to this Court without a stamp. Furthermore, Plaintiff has filed six new cases in this Court since May 2025 and appears to be prosecuting each sufficiently at this time.

### B. Claim Three – Professional Behavior and Jail Standards

Next, Plaintiff's Claim Three fails to state a cognizable claim pursuant to Section 1983 both on the grounds of unprofessional conduct and failure to follow jail standards or procedures. First, it is well established that "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under Section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation). Accordingly, Plaintiff claims related to Defendant Jordon using profanity and the other Defendants not preventing Defendant Jordon from using profanity towards Plaintiff fail as a matter of law.

Secondly, any jail standards or policy and procedures of Union County Plaintiff attempts to reference in his Complaint do not create constitutional rights. *See Brown v. Boone Cty.,* Civil No. 5:13-cv-03065-TLB, 2014 WL 4405433, at *5 (W.D. Ark. Sept. 5, 2015) (citing *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996) (the law is clear than "an internal jail policy or procedure does not create a constitutional right, nor does a correctional officer's failure to follow such regulation rise to the level of a [Section] 1983 claim."). Accordingly, Defendants failure to follow "policy of the jail" and "the federal detention facility standards" fails to allege a cognizable claim.

### C. Official Capacity Claims

Lastly, Plaintiff has failed to allege any cognizable official capacity claims against any Defendant. Under Section 1983, a defendant may be sued in either his personal capacity, or in

his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.*

Here, that means Plaintiff needed to allege a policy, procedure, or custom of Union County caused his alleged constitutional violations. While Plaintiff did reference generally Union County policy and procedure in his Claim Three, it was to state that the Defendants were not following policy and procedure. Plaintiff has wholly failed to allege any policy or procedure of Union County caused his alleged constitutional violations. Accordingly, all of Plaintiff's alleged official capacity claims against all Defendants should be dismissed.

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's Claim One and Three against all Defendants in their individual capacities and all of Plaintiff's official capacity claims against all Defendants be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(2) Plaintiff's Claim Two for denial of medical care asserted against Defendants Walraven and Butler, in their individual capacities only, shall proceed for service by separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

        **Status of Referral:   The case shall remain referred at this time.**

DATED this 11th day of July 2025.

                                                           /s/ *Barry A. Bryant*
                                                           HON. BARRY A. BRYANT
                                                           UNITED STATES MAGISTRATE JUDGE